Good morning, Your Honors. Harry Lewis, appearing on behalf of the appellants Marie Ignacio and Cherie Johnson. I want to start, first of all, may I reserve three minutes for rebuttal at the end? Thank you. It'll be down to three when you see it on your clock, but I'll try to help you. Okay. Let me start by what is not disputed, and that is that we have a Labor Commissioner ruling in Cherie Johnson's case, a Labor Commissioner ruling in the case of Marie Ignacio. This is all the excerpt of record that the Court needs to reach because we are dealing with an issue of judicial estoppel or claim preclusion, issue preclusion or collateral estoppel. All of that is in these documents, these two documents. Also, I think the Court can agree, as the parties have, that California law of judicial estoppel and, I'm sorry, judicial res judicata and collateral estoppel is the law that we are dealing with here. I'd like to first focus on Ms. Ignacio. We'll address the res judicata or claim preclusion issues and then move on to the collateral estoppel or issue preclusion for her and then the same for Ms. Johnson. As I brief extensively in the papers and don't want to go over too much more, but it is our position that res judicata does not apply to Ms. Ignacio's claims because she voluntarily withdrew her claims against Jeviti at the Labor Commissioner hearing. The rule in California is set forth in Gagnon and reiterated in many subsequent appellate court cases that a voluntary dismissal is without prejudice unless there is a finding on the merits of the claim. I think it was most succinctly summarized in the case of Ensure v. Ensure in which the Court said the ordinary rule is that dismissal of an action does not operate to a bar to another action on the same cause of action that was dismissed. So, you know, this is not an easy, but it's a very interesting question that you raise. And the case you just cited, of course, is a normal civil procedure case within the California system. And this is supposedly an informal administrative proceeding that results in a preclusive or at least the effect of a preclusive judgment. So I'm not quite sure how you bridge the gap between those two, between just normal California civil procedure code under a separate set of procedures and under an informal administrative hearing. Thank you, Your Honor. It's a good question. Gagnon does not only apply to civil trials. It is the law of the land. The Supreme Court says that when there is a withdrawal of a claim voluntarily, when they don't reach the merits of the claim, res judicata does not apply. It applies to administrative hearings. It applies to everything else. 581 of this Code of Civil Procedure. I hear you say it applies to administrative proceedings. Where do I get – where do I go to hear the support for that statement? Nolan was a workers' compensation case in which they – Nolan v. Workers' Compensation Appeals Board, 70 Calab, 3rd, 122, cited in the footnote of my papers. That was a case in which they applied the same Gagnon standard in an administrative proceeding. But Gagnon doesn't limit itself. It just says res judicata does not apply when there is a voluntary dismissal. Most of those cases will arise a pretrial. You think that makes a difference? Absolutely not, Your Honor, because what you have is 581C of the Code of Civil Procedure is an exception to the general rule. Okay? In trials, once the trial begins, then a dismissal is considered with prejudice. That's an exception to the rule. Because this was not a trial, this was an administrative proceeding, the provisions  But you just told us that the law is the same for administrative proceedings. Right. Yeah. You've got a general analogy, but now you're trying to draw a line between what would happen in superior court and what would happen before the hearings officer because it's not a, quote, trial. Why do we make that distinction? If the law of claim preclusion and issue preclusion in California applies generally to administrative proceedings, why wouldn't the corollary provision with regard to dismissal during trial also apply? Because the law of the land is Gagnon, and Gagnon says voluntary dismissal without prejudice. I'm sorry. But not after the trial has started. No, it does not. You just told us that. After a trial has started, that general rule doesn't apply. So why wouldn't that exception also apply to a hearing? Because it is an informal proceeding. And what you have is you just told us it doesn't make a difference whether it's a court trial or administrative hearing. For the purposes of res judicata, that is a general rule of the land. But you're not going to start applying the technical rules of civil procedure to a Berman hearing because you have 98.2, which is the code section. It says it's the intent of the legislature that the hearings being held pursuant to this section be conducted in an informal setting preserving the rights of the parties. There is no reason to apply the exacting standards of the code of civil procedure to an informal proceeding such as the labor commission. How is the provision that says withdrawal after trial has started this exacting provision of the code of civil procedure? It seems to be a pretty straightforward rule. You can turn to take another road until you start down the road. Once the trial has started, once the hearing itself has started, you're committed to that road and you can't say, oh, sorry, never mind. And that seems to be what happened here. The withdrawal that you're talking about is not somebody who said I've decided I don't want to proceed through a hearing. I want to go to court. The withdrawal is somebody who says, oh, my goodness, I guess I don't have a claim against this person, do I, or this company. And it was in that context the withdrawal occurred. So to suggest that this is a voluntary withdrawal and a decision to take another road really doesn't seem to reflect what happened. But the reason why you have more exacting rules in a civil procedure trial is because there's normally represented by counsel, there's normally been discovery, there's been a process leading up to it. If she were in court representing herself pro se, which happens a lot, nearly half the filings in our court are pro se, that doesn't mean that the rules don't apply. I'm not saying they don't apply, but all you're saying is, what I'm saying here is that you should not apply those rules to an administrative proceeding. Why not? This woman shows up because she was not represented by counsel. She did not understand the law of joint employers. She was not aware of the extent of the control Jevity had over her employment because she did not have discovery. And she was not aware that she was not going to be able to pursue claims otherwise if she dismissed her claims at the labor commissioner hearing. This is an informal proceeding. It's not like a trial. A trial, you have a year leading up to it in which you learn everything about the case. Here, she did not have that. If I may, though, I would like to move on. Sotomayor, I do see a distinction between Johnson's case and Ignacio's, and we'll treat them separately. But for your proposition that even though this didn't occur until after the proceeding was, in effect, underway, you're asking for a carve-out for administrative proceedings. And you've, in effect, cited as no under Noland. It's really the same. What is the case or the authority you think we look to in California that says, well, this is different. She didn't have counsel. It was informal. And how could she have known the impact? What do I look to? No, no, no. I'm not asking for a carve-out for administrative hearings. There is no rule for administrative hearings. There's nothing under the Labor Code or under the Berman rulings that says when you start a labor commissioner hearing, a dismissal is with prejudice. The general rule, the carve-out is 581.C for civil trials. That is what, you know, I don't need to. It's the other side that needs to prove that 581C applies. It's not. Well, I'm not being defensive. I'm asking you to give us what is the legal foundation for saying that in an administrative hearing, you don't treat that as something. I mean, you want it to be treated as nothing. They want it to be treated as something. And it did occur. So what does it mean? And you're just saying, well, we don't have to say what it means because it's not bound by the civil rules. It means nothing, because under Gagnon-Espedia, ensure the rule is I can withdraw my claim any time I want, and it's not a dismissal with prejudice. So then it becomes incumbent on them to prove that 581.C applies to administrative proceedings, and there is no law out there on that. There's also no law that is what you're asking that specifically says, well, like I said, I believe Nolan does apply Gagnon to say once there is an administrative proceeding, it is still allowed to withdraw the claim. If I may, just on the collateral estoppel issue, the whole issue of judicial exhaustion is doctrine of judicial exhaustion is simply a corollary to the issue of collateral estoppel. It should not apply to Ms. Ignacio's claims for the same reason that there was no final judgment on the merits and there was not necessarily decided in the former proceedings. However, if the Court were to apply collateral estoppel to the claims of Ms. Ignacio, the Labor Commissioner ruled that defendants operated as joint employers of plaintiff. So if there is collateral estoppel, it is on behalf of Ms. Ignacio, and the Court would be obligated to rule that they cannot in the district court allege that Jevedi did not jointly employ Ms. Ignacio because the Labor Commissioner expressly stated that they were joint employers. In regards to Ms. Johnston, it would be our position that the ---- Kennedy, I guess I'm losing track of which one is which. The last thing you just said about Ms. Ignacio, you're telling me the Commissioner ruled they were joint employers? Yes. That's why this is such a big ---- But Ignacio is the case where she said she wasn't employed by Jevedi. Jevedi. And Jevedi dropped out of the case. So how did the Labor Commissioner enter a judgment against Jevedi? Because based on the evidence that was presented by Jevedi, they still found it. Point to me where in the record where the Labor Commissioner rules that they're joint employers. That's why this case is so crazy, Your Honor. ER 383, under legal analysis. ER 383. First line, under legal analysis. Defendants operated as joint employers of Plaintiff. Defendant Jevedi was the employee of record for payroll and tax purposes and defended AMX exercise direct on-site supervision. Plaintiff opted at the hearing to withdraw her claim against Jevedi and as a result of expressly abandoning her claim, defendant Jevedi is dismissed. So even though she withdrew her complaint, the Labor Commissioner still found that Jevedi was the joint employer, which is the exact issue. You're asking for it both ways, and that can't be, because if you want to apply this against Jevedi, you're stuck with Jevedi being dismissed. If Jevedi was dismissed, they can't be bound because they're not a party to the provision. That I agree with. I'm just saying, if you're going to rule that collateral estoppel applies, then they can't have it both ways, too. Yeah, but they don't need it both ways, because if they're out by claim preclusion, they don't need issue preclusion. Okay, but they did raise it in the briefs. My point, though, is that claim preclusion should not apply. I'm going to reserve the last minute and a half. All right. Thank you. Good morning. Paul Killian for Appellee Jevedi, HR, Inc. May it please the Court. What the appellants are basically arguing is that the Labor Commissioner hearing doesn't count. They sued AMX and Jevedi at the hearing. They received a money judgment for the full value of their claim against AMX, yet they turned around and filed a new claim, even against AMX, based on the same Labor Code provisions that they already obtained a money judgment for. They didn't obtain the money, did they? I don't – apparently they've not collected. There is a unsupported point made in their brief that AMX is insolvent. There's nothing in the record to support that. As a matter of fact, Johnson, at the Labor Commissioner hearing in 2008, said that AMX was not insolvent. So that's the only thing in the record on that point. Could we take these separately? Let's go Johnson, because you mentioned it. So I understand that the Labor Commission there finds that Johnson didn't work for Jevedi. Is that correct? Yes. Okay. And then Jevedi is dismissed at the Labor hearing, correct? Or it falls out? I mean, how would you explain what happens to Jevedi? At the Johnson Labor Commissioner hearing? Well, the – what happened there was the court or the commissioner heard the evidence and made findings that Jevedi was not the employer, and so dismissed Jevedi based on those findings. And then those findings became part of the order of decision and award. There was no appeal for that award. It became a judgment. It was filed in the superior court under Labor Code 98.2. It becomes an enforceable judgment. Okay. So that circumstance, having made the affirmative finding of not working for Jevedi, seems to me to contrast somewhat to the Ignacio situation. I would agree with that.  So now let's turn to Ignacio. So in Ignacio, they say actually that there was a co-employer, correct? Well, that's not – that's not really correct. Joint employers. That's not really correct. And what the court – What says defendant Jevedi was the employer of record for payroll and tax purposes and defendant AMX exercised on-site supervision. And then it says, plaintiff opted to withdraw her claim against Jevedi and expressly abandoned her claim. So Jevedi is dismissed. So that's different from Johnson, correct? I would agree with that. That's different from Johnson. And as a matter of fact, the district court looked at the facts in Johnson and said it's not even close. And frankly, I don't see the appellant really making much of an issue. Right. So I'm really focusing on Ignacio right now. Right. So as to Ignacio, if I may respond to just the point about the joint employer, the next sentence there says that they were the employer for payroll and tax purposes. And, in fact, Judge Chen, in an earlier summary judgment motion against the first named plaintiff and class representative in this case, Marshall Field, dealt with that exact issue and found that under the Futrell case, a California court of appeal decision directly on point involving the same kind of payroll service said that that is not the equivalent of an employer for purposes of the labor code. And that issue, of course, is not part of this appeal because they did not appeal the Marshall Field summary judgment. Right. The facts are the same, though, and I have every confidence the result would be exactly the same if this case were to ever go back to the district court. So now let's take what happened to Mr. Ignacio, what happened at the labor hearing vis-à-vis Gevity. The argument there before the labor commissioner, the award says that plaintiff expressly abandoned her claim against Gevity. So would you, can you fit that into the construct that general civil rules apply? He says, however, not the particular rule with respect to, you know, 521. So how does Ignacio's finding of abandonment by the labor commissioner fit in to either an administrative or a civil procedure construct? Your Honor, I very much agree with that analysis. The operative word here is abandonment. It's a different animal than a dismissal. It's not – a dismissal can be with prejudice, it can be without prejudice. An abandonment can't. And there is an important case that Judge Chin relied on. He cited it at page – it's ER 10. It's the Uhlenberg case. And it states the common law rule, and this was before the key 1947 amendment to 581, and the Uhlenberg, it's a 1943 case, states the common law rule that it's a different situation where it affirmatively – I'm quoting from the case where it affirmatively appears the plaintiff intended to abandon the action, in which case it is treated as a retraction at common law. And that's really what we have going on here. And the – Which authority was that? This is the Uhlenberg case. Uhlenberg, yeah. And the Fischer case. And so – These cases are, as I recall, your basic superior court type cases, correct? Yes. So his last argument was this is different, because how could she know without counsel that if she gave up gravity, that gravity would be forever foreclosed in terms of a possible recovery? And that's a more informal hearing, so you shouldn't impose these rules on the administrative hearing. Would you respond to that? Yes. It is a more informal hearing, but the end result is not informal. It is, by definition in the statute 98.2, it's a preclusive binding judgment that results. And as a practical matter here, we aren't dealing with unsophisticated claimants. Both Johnson and Ignacio were managers of their respective American mortgage offices. They both made over $100,000 a year. They knew enough to bring a Berman hearing claim. They could have hired counsel. They opted not to. And frankly, they did a good enough job to prevail for the full value of their lost wages claim against AMX. Well, they had a handle on the facts. The piece that may have been missing is the question as to whether Jeviti was similarly liable, was a joint employer in some fashion. And that's what Ignacio specifically acknowledged and was the basis for the thrall of the claim. But that's a legal proposition rather than a factual proposition. As a nonlawyer, she's more handicapped in trying to answer that question. If she disagreed with the finding, she was there to state the facts. If she disagreed with the legal conclusion the Commissioner brought from those facts, she had a remedy, and that was to appeal to the superior court. And by the way, this is not like other appeals where there's a heavy deference to the Commissioner's finding. There's no deference in this appeal under 98.2 of the Labor Code. It's a de novo case in the superior court. My friend says there's no right to discovery in the Commissioner hearings. That's not really accurate. There's certainly you don't get to propound written discovery. But when you get to superior court, you do. You get to open everything up. There's a mechanism to bring this. Once they were going down that path, they were obligated to finish that up. And they didn't. They just didn't appeal. And there's consequences to doing that. It becomes a judgment. At the hearing, they could have subpoenaed witnesses. They had the right to examination, cross-examination. Judge Chen applied the Utah Construction Fairness standards to this hearing, concluded they met them. They don't appeal that. And I think it's a fair inference, as Judge Chen drew, that Ms. Ignacio understood the full import of the concessions she was making at the hearing that Jeviti was not liable for her wages. Well, she understood that she was giving up her claim, I think, against Jeviti. I don't know that it's fair to say she understood the full import in the sense that the current lawsuit is based on the premise that Jeviti is liable. Her understanding that at the time that Jeviti isn't liable was based arguably on her misunderstanding of the law. Well, again, if that was her concern, she certainly had the right to challenge that legal finding by the Commissioner. And she clearly, and the Commissioner found, had abandoned her claim. There's nothing in the record to suggest otherwise here. She submitted a declaration in support of the motion to substitute the new class representatives. There's nothing in her declaration here that suggests that she did not intend to abandon the claims that she intended to dismiss without prejudice. There's no statement there. There was an audio recording of the proceeding that was available to both parties. The regulations for the labor code that's 13-502 says that those transcripts are available to both parties. We haven't seen anything from the appellants suggesting that there was anything other than a knowing abandonment of the claim, which, again, is what the Commissioner found. And basically, the rule retracts it, and we've cited a couple of California Supreme cases that give the rationale. The most recent was the Wills case. It's a 1981 California Supreme Court case, and it cites back to a 1981 California Supreme Court case. And it explains that the rationale to bind a plaintiff to an abandonment in a evidentiary hearing is one of fairness to that adversary and also fairness to the court. A claimant can't force an evidentiary hearing, show up, listen to the evidence, see how things are going, and then abandon the claim and refile again. And that's just unfair to the parties that showed up and made their case, and it's just a waste of time to the court and the administration. And we ask that this judgment be affirmed. Thank you. I apologize that I did not bring this case to the court's attention before, but there was a 2013 case after briefing was submitted, and it's a case of Satigy v. Sharp Memorial Medical. It's 221 Calapworth 598. This was a case dealing with a surgeon petitioning for a writ of administrative medication. The court in that case at page 620 refused to apply the provisions of 581 to the administrative hearing. There's no announcement. For future reference, you know, we have a 28J process where you bring cases to our attention. And that also helps opposing counsel so that we're all reading off of the same case file. My apologies to the court. I found it last night. All right. You can even do it as late as the morning of argument, thanks to our handy iPads. Okay. Just for future reference. Before or after the fact. You can do it this afternoon so everybody knows exactly what it is you're talking about. I absolutely will. All right. Just quickly on the issue of retracts it, if you look at those cases, they require a knowing waiver of the rights in a statement in open court. Here there was no knowing statement. Then I just want to briefly touch on counsel said while the process is informal, the decision is not. It is binding. Okay. The decision that was issued by the labor commissioner in Ignacio's case clearly stated that defendants operated as joint employers of plaintiff. That was the ruling. Now, this whole. And that your client abandoned the claim against Jevity. Right. But she could abandon the claim absent some sort of rule that would preclude her from. And there has been no rule advanced by the defendant here to say that in administrative hearings a withdrawal is considered a dismissal with prejudice. There's no law that's been advanced before this court. But let me just quickly, if I may, because I know I'm over, this whole concept of there was never a judgment. After this ruling was issued, both in Ignacio's and Johnson's claim, there is a ODA, order, decision, and award that is entered on behalf of Marie Ignacio against American Mortgage Express. No judgment was ever issued on behalf of Jevity in that case. It was the same situation in the Johnson case. Shree Johnson against American Mortgage Express. There was nothing for them to appeal. There was no judgment for them to appeal. The appeal, if they had gone against it, would have overturned the Amex ruling. There was no judgment. Furthermore. Well, they didn't have to appeal it vis-à-vis Amex, but I think we do have that point in mind, thank you. Okay. And there was also no subsequent judgment when it was entered in the superior  Thank you, Your Honors. Thank you. The case of Field v. American Mortgage is submitted.
judges: TASHIMA, McKEOWN, CLIFTON